CASE No. 1091.

SMALL v. SMALL.

1. The Circuit judge is not bound to consider the verdict of a jury on an issue
   ordered out of chancery as a correct finding of the facts, but may decree
   contrary to such finding.   *Ivy* v. *Clawson,* 14 *S. C.* 272, approved.
2. One who purchases land sold under her execution for less than the amount
   due, but fails to receive the sheriff's deed, is entitled, nevertheless, to assert
   her equitable title to such land in an action brought for its partition, to
   which action she is made a party defendant.
3. Lands of a testator in the hands of his devisees unpartitioned, may be
   reached as assets of the estate under proper judgment against the execu-
   tors, as such, for a legacy which, under a provision of the will, is declared
   to be in lieu of dower, and so accepted; but where the judgment and exe-
   cution ran against the executors *de bonis propriis,* only the interest of the
   executors, as individuals, could be sold, and not the interest of other
   devisees.

4. The form of the judgment and execution in such case is not an irregularity which may be disregarded in favor of the widow, who purchased the land under her own irregular process. Forms must be exact to entitle one to sell land without making the owner a party.

Before HUDSON, J., Lancaster, October, 1880.

This was an action commenced July 29th, 1873, by Dilla Small and Uriah Small, devisees of John B. Small, against Marion Small and others, heirs and devisees of the same John B. Small, and against Mary Small, his widow; and, upon the death of Mary Small, it was revived against her devisees. The Circuit decree, after a statement of the facts repeated in the opinion, was as follows:

At a previous hearing of this cause, Judge Thomson, in June, 1879, ordered that this question of title be submitted to a jury. This was, at a subsequent term of the court, done, whilst Judge Wallace presided, but no further hearing of the cause was had. The verdict of the jury was against the McAteers, and in favor of the children and grandchildren of John B. Small. But there is no record of the testimony submitted to the jury, nor of the questions of law raised before the court, nor have we any report of the case by the presiding judge by which we are to be enlightened. We are here without the aid which is usually to be derived from the verdict of a jury upon an issue of fact. From all that we can gather, it seems that the absence of the sheriff's deed to Mary Small was considered fatal to her claim of title, and decisive against the McAteers. It is clear that Mary Small, the execution creditor, became the purchaser at the sale and entitled to a deed, unless it appears that she either did not comply with the terms of sale, or that some other good cause prevented the sheriff from making titles. But, if the proceeds of sale were applicable to her *fi. fa.*, Mary Small, by the purchase alone, without further compliance, became entitled to her deed. There is no evidence that she did not comply, nor that the money did not belong to her, and the presumptions are all in her favor—so much so, that it devolves

E

upon those resisting her title to show that she did not comply with her bid, and did not get titles; and nothing of the sort is shown, or attempted to be shown, so far as the court is informed. The verdict seems to be based upon the naked fact of the non-production of a deed.

Under the circumstances, we are not disposed to receive the verdict of the jury as a correct finding of the facts; and we find that, by virtue of the sale aforesaid, Mary Small became the lawful purchaser of this land, and either actually received titles from the sheriff, or became entitled to demand and receive the same, and that those claiming under her by devise are now entitled, in her stead, to receive titles. The fact that she devised the land is a strong circumstance in connection with the memorandum of levy and sale, going to show that she got titles. If the sale was valid, the McAteers must prevail in this action, and we are thus brought to the next and most interesting question submitted to us. It is contended by the plaintiffs that the lands of the testator, J. B. Small, devised or descended, cannot be submitted to the payment of a pecuniary legacy. That the devisees and heirs have an estate and a right which is superior to that of a mere pecuniary legacy, and the property of the one cannot be taken to pay the claim of the other, is a well-established general rule in law and equity. But, in the present case, the legacy is given in lieu of dower, and is regarded as standing in lieu of a debt due by the testator for the purchase-money of this estate, or inchoate right of the widow, which is highly favored in courts of justice, and in the eye of the law. Hence, a pecuniary provision in lieu of dower is regarded as standing on higher ground than a mere pecuniary legacy. It is an offer to buy the widow's estate in the husband's lands, and, when accepted by the widow, the contract of sale is complete, and the debt is due by the estate. If the personal assets be insufficient to pay other pecuniary legacies, this one does not abate ratably with them, but remains a charge upon the estate. See *Stuart* v. *Carson*, 1 *Des.* 500, and cases there cited; *Heath* v. *Dendy*, 1 *Russ.* 543; *Isenhart* v. *Brown*, 1 *Edw.* (*N. Y.*) 411. Now the McMullen tract of land has reverted to the estate of testator, and was distributable generally among his children. It

was no longer a specific devise, and hence was liable, in our judgment, to levy and sale to satisfy this claim of dower.

We find, therefore,

1. That it was sold lawfully, and that Mary Small became the purchaser thereof, and that her devise to the McAteers gave them a good title, as against the children and grandchildren of the testator, who, in this action, seek partition.

2. That if sold, but so as to give Mary Small no legal title, it is still liable to the lien of this *fi. fa.*, and that her personal representatives can yet have the *fi. fa.* levied and the land sold.

But, as our finding is in favor of the McAteers in the first instance, it follows that the complaint must be dismissed, and that the children and grandchildren of J. B. Small, who are parties to this action, must pay the costs and disbursements thereof to the McAteers, and such is the judgment of the court.

The land described in the complaint having, by consent of parties, been previously sold, and the fund being in court, it was ordered to be paid over to the McAteers (defendants), or their attorneys.

The devisees of John B. Small, named in the complaint, appealed from the foregoing decree, and from the order of the court to carry out the same, on the exceptions stated in the opinion of this court.

*Mr. R. E. Allison*, for appellants.

*Mr. Ernest Moore*, contra.

October 1st, 1881. The opinion of the court was delivered by

McGowan, A. J. This was an action to partition a tract of land containing two hundred acres among "the children" of John B. Small, deceased, under a devise in his will. The land was claimed by Mary Small, the widow of the testator, and the question became one of title.

John B. Small died in 1856, possessed of a small unincumbered estate. He made provision by his will, (of which his sons, Uriah Small and John S. Small, were executors,) for his wife, Mary, and his children. Among other provisions he made the

following: He devised a tract of land, known as the "McMullen land," to his grandson, John Van Buren Tye, and if he should die without leaving wife or children, the same should revert and "be equally divided among his children." It does not appear that the said grandson ever had possession, as he died before he attained majority without wife or child. This proceeding was to partition this land among the children under the will.

The widow, Mary Small, claiming the land, was made a party, and died pending the litigation, having devised the land to her kinsmen, John and Richard McAteer, who were made parties, and claimed to set up her title.

The testator, by his will, gave to his widow, Mary, in lieu and bar of her right of dower, *five hundred dollars,* "to be paid to her by my executors out of my estate, all for the support of my wife, Mary, during her life, and, at her death, to be returned to my estate, to be equally divided amongst my children, whatever of my said legacy that may not be economically expended for the above purposes," &c. Mary, being dissatisfied with the amount allowed her for maintenance, filed a bill against the executors, Uriah Small and John S. Small, to compel assent to her legacy.

Chancellor Lesesne heard the case June 27th, 1867, and ordered the defendants to pay the plaintiffs, forthwith, *one hundred dollars,* and *thirty dollars* at the end of every three months, until the sum of $563.75 should be exhausted. This decree was not appealed from, but was enrolled and execution issued thereon, directing the sheriff "that of the goods and chattels, lands and tenements of said Uriah Small and John S. Small, defendants, you levy the same," &c. Under this execution, the land in question was sold as the property of the testator, John B. Small. At the sale, the plaintiff in execution, Mary Small, bid off the land for $40. It does not appear that she took a deed from the sheriff, but it is claimed that the land thereby became her property, passed under her will and now belongs to her devisees, the defendants.

This action was commenced in 1873. Judge Thomson, who first heard it, ordered an issue as to the title, which was tried

before Judge Wallace, 1879, and the jury found for the devisees, the actors in the issue. It was also referred to a referee, who took the testimony, and found that "the McAteers are entitled, if to *anything*, to the land herein sought to be partitioned," &c. The plaintiffs excepted to this report. The case was heard by Judge Hudson, who decided that the land belonged to the McAteers, and dismissed the complaint, and the plaintiffs appeal to this court upon the following exceptions :

1. "Because the Circuit judge, contrary to the finding of the jury, has found, without any sufficient evidence, that the legal title to the land described in this complaint was vested in the McAteers, instead of the devisees of John B. Small, deceased.

2. "Because the Circuit judge erred in holding that the *onus* of proving that Mary Small received from the sheriff no deed or title for the land in question, rested on the devisees of John B. Small, deceased.

3. "Because Mary Small and her devisees having claimed title to the land in question, it was incumbent on them to make out their chain of title, and the judge erred in ruling otherwise.

4. "Because the devisees of John B. Small, deceased, in the record of Mary Small against Uriah Small and John S. Small, as executors of John B. Small, deceased, to compel assent to the legacy of Mary Small, as offered in evidence in this cause, *were not parties*, and their rights as such devisees could, in no way, be affected by said record, and the sale of the land thereunder was a nullity so far as said devisees are concerned, and Mary Small could not, under said sale, take title even if she had received the deed from the sheriff.

5. "Because the Circuit judge erred in not sustaining the exceptions filed to the referee's report."

As to the first exception relating to the issue at law. This subject has lately been considered by the court, and it will not be necessary to do more than refer to the authority. This was an equity suit, to be decided by a judge sitting as chancellor. Judge Thomson thought proper to order an issue to be tried by a jury. That was not to be final and decide the case, but to inform the conscience of the judge. "When a judge, sitting in what would have been called a suit in equity, orders an issue

upon any question of fact, it is an interlocutory order, made to enlighten his conscience, reserving the consideration of further questions in the cause until after the trial of the issue.  *  *  * Judgment is not entered on the verdict, but it is reported, to be dealt with in connection with the whole case in which the issue was ordered.  The judge who hears it finally, sitting as chancellor, is not required to regard the finding of the jury as conclusive of the fact submitted, any more than he would the report of a referee, but, on the contrary, is bound to consider all the evidence in the whole case, including the finding and the evidence to support it, and pronounce his judgment accordingly." *Ivy* v. *Clawson*, 14 *S. C.* 272.

The judge says : "There is no report of the testimony submitted to the jury, nor of the questions of law raised before the court, nor have we any report of the case by the presiding judge by which we are to be enlightened.  Under these circumstances we are not disposed to receive the verdict of the jury as a correct finding of the facts," &c.  The judge was not bound to consider the verdict as a correct finding of the facts, and, in refusing to do so, we cannot say that there was error.

The second and third exceptions relate to the absence of proof as to the execution of a deed by the sheriff to Mary Small.  She was the plaintiff in execution, and not bound to pay her bid to the sheriff.  He could not have recovered the money from her, as she was entitled to have it credited on her execution.  *Cobb* v. *Pressly*, 2 *McMull.* 417.  She had equitable title, which may be set up in this proceeding.  *McElmurray* v. *Ardis*, 3 *Strobh.* 215.  Equity regards that as done which ought to have been done.

The fourth exception raises a more difficult question.  It is contended that when Mary Small sued Uriah Small and John S. Small, describing them as executors, not making the other devisees parties, their shares were not reached by the judgment, and did not pass under the sheriff's sale.  It does not follow, necessarily, because the other devisees were not made parties to the suit against the executors, that the interest of such devisees could not be reached under a judgment and execution against the executors alone.  This was manifestly not an action to make

land, in the possession of devisees, liable for a debt of the ancestor, but against the executors, as representatives of the estate. Whether the interest of devisees, not parties, was sold, depends upon two inquiries: First, whether the land was still in the hands of the executors, to be administered as assets of the estate of the testator, and, second, whether the claim was a debt of the estate, and the judgment pronounced thereon had the proper scope and form to give it a lien upon the property of the estate. It was held very early in our State, that, under the statute (5 *Geo.* II.) making land assets for the payment of debts, executors, whose duty it is to provide for debts, must, so far as creditors are concerned, have some qualified right to control lands devised, and in that view it was decided "that under a *fi. fa.* against an executor, lands in his possession, to be administered, might be sold, provided the *fi. fa.* directed levy of the lands, goods and chattels of the testator in the hands of the executor to be administered," &c. See *Smith* v. *Grant,* 15 *S. C.* 136, where the authorities are collected.

The above expresses the exact point ruled in the numerous cases from *D' Urphey* v. *Nelson,* 1 *Brev.* 289, down to the case above cited. Much that has been said in the cases as *doctrine and dicta* has been disapproved, and it has been frequently said that they are not to be extended one step further. *Drayton* v. *Marshall, Rice Ch.* 387 ; *Jones* v. *Wightman,* 2 *Hill* 579 ; *Vernon* v. *Valk,* 2 *Hill Ch.* 261 ; *Bird* v. *Houze, Spears Eq.* 250 ; *Hull* v. *Hull,* 3 *Rich. Eq.* 86.

Taking this as our guide, let us apply the principles to this case. We agree with the Circuit judge that the "McMullen land," being still undivided, was theoretically in the hands of the executors as assets to be administered, and might be sold under a judgment against the executor as such, without making the other devisees parties. We also agree with him that the claim of Mary Small, upon which she obtained judgment against the executors, being a provision in lieu and bar of dower, may be considered *as a debt* of the testator, but we think the judgment was only *against the defendants named,* and could sell nothing beyond their property. If it was Mary Small's purpose to recover against the executors, so as to bind the estate of

the testator " *de bonis testatoris,*" the scope of the judgment was fatally defective in being against *Uriah Small and John S. Small, individually,* and in not ordering the money made " *of the lands, goods and chattels of the testator in the hands of the executors to be administered.*" Both the judgment and execution ran against Uriah Small and John S. Small *de bonis propriis,* and Mary Small, the purchaser, acquired title to their individual shares, but she acquired no title to the other shares, which could only be legally sold under an execution running " *de bonis testatoris.*"

It may be said that the form of the judgment and execution was a mere irregularity in the proceedings, which the purchaser at a sheriff's sale is not bound to look into. There is such a considerate rule, but we think this was more than a mere irregularity. Forms must be exact when the right is claimed to sell land without making the owner a party.

It does not appear from the proceedings that Mary Small sought to obtain a judgment which would bind the estate of her deceased husband. Her complaint was against the conduct of the executors. The character of her cause of action would seem to indicate that her purpose was to obtain precisely such a judgment as was rendered against Uriah Small and John S. Small as individuals; but, be that as it may, she cannot claim want of notice as an innocent purchaser. She was the plaintiff in execution, and is fairly chargeable with knowledge of the terms of her own process.

The children of John B. Small, except Uriah Small and John S. Small, have never been divested of their interest in the McMullen land. The defendants, John McAteer and Richard McAteer, are the owners of the shares of Uriah Small and John S. Small, and the said parties, as tenants in common, are entitled to partition the same.

The judgment of this court is that the judgment of the Circuit Court be modified in accordance with the views herein expressed, and the case remanded for such orders as may be necessary to carry into effect this judgment.

SIMPSON, C. J., and MCIVER, A. J., concurred.